IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| *IN RE: ARBITRATION OF*<br><br>DEC UNLIMITED, INC. and DEC PARTNERS, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>SEND OUT CARDS, LLC and KODY BATEMAN,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-MC-00935-DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

 Petitioner DEC Unlimited, Inc. and DEC Partners, Ltd. ("DEC") seek to enforce a deposition subpoena for Erik Laver in an arbitration pursuant to the American Arbitration Association. Send Out Cards, LLC and Kody Bateman take no position on the Motion.

 DEC addresses this Court's subject matter jurisdiction tangentially in a footnote with a citation to *Local Lodge 1746, I.A.M. & A.W. v. Pratt & Whitney Div. U.A.C.*, 329 F. Supp. 283, 285 (D. Conn. 1971), noting the "[F]ederal Court does have concurrent enforcement jurisdiction and possesses the necessary statutory authority (9 U.S.C. § 7) to enforce the procedures attendant upon the orderly consummation of this arbitration hearing." At the hearing, Mr. Laver's counsel took the position that this Court's subject matter jurisdiction turns on whether the party issuing the subpoena issued it according to the federal rules or the state rules. DEC elaborated at the hearing that 9 U.S.C. § 7 conveys jurisdiction on this Court.

 Upon further research, the undersigned RECOMMENDS the District Judge dismiss the matter for lack of subject matter jurisdiction.

1

The Supreme Court explicitly held that the Federal Arbitration Act does not convey federal question jurisdiction, and the parties claiming jurisdiction over the arbitral dispute must derive subject matter jurisdiction from a separate source. *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008); *see also Stolt-Nielsen SA v. Celanese AG,* 430 F.3d 567, 571–72 (2d Cir. 2005) (holding 9 U.S.C. § 7 specifically does not convey federal question jurisdiction); *Amgen, Inc. v. Kidney Center*, 95 F.3d 562, 567 (7th Cir. 1996) ("When a party to an arbitration initiates an independent proceeding [to enforce a subpoena], it must establish that the dispute that underlies the arbitration would come within the jurisdiction of the district court."). Because this Court is a court of limited jurisdiction and for the reasons stated in the above listed decisions, the undersigned RECOMMENDS the District Court dismiss the action for lack of subject matter jurisdiction.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 16th day of September, 2016.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge

2